[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13753
Non-Argument Calendar

_____

D. C. Docket No. 05-61710-CV-JIC

EDWARD CHRISPEN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
James McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 8, 2007)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Edward Chrispen, a Florida state prisoner proceeding pro se, appeals the denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. After review, we affirm.

## I. BACKGROUND

In Florida state court, Chrispen was charged with one count of sexual battery upon a child and twelve counts of possessing photographs depicting sexual performance by a child. The photographs that provided the basis for Chrispen's charges were found in Chrispen's briefcase, which he inadvertently left in an apartment complex parking lot on the trunk of a third party's car.

Officer Gayle Good was called to an apartment building to check on an unattended briefcase sitting on the trunk of a car in the parking lot. Officer Good arrived, ran the license plate number of the car and learned that the car belonged to a woman living in the apartment complex. Officer Good spoke with the woman, who did not know to whom the briefcase belonged.

Officer Good returned to her car and tried to open the briefcase to identify the owner. Although one side of the briefcase was locked, Officer Good was easily able to pull the briefcase open. In the briefcase Officer Good found paperwork with Chrispen's name on it and a yellow envelope (folded in half but not sealed). Inside the envelope were the photographs.

2

During trial, Chrispen moved to suppress the photographs, claiming that Officer Good's warrantless search of his locked briefcase violated his Fourth Amendment rights. The state trial court denied Chrispen's motion without explanation. The jury found Chrispen guilty on all counts. The state trial court sentenced Chrispen to a term of life imprisonment, with a minimum of 25 years, on the sexual battery count, and a consecutive five-year term on the twelve counts of possessing the prohibited photographs.

On direct appeal, Chrispen challenged the denial of his motion to suppress. The Florida appellate court affirmed without comment. See Chrispen v. State, 912 So.2d 1239 (Fla. Dist. Ct. App. 2005), cert. denied, ___ U.S. ___, 126 S. Ct. 1356 (2006). After Chrispen's petition for certiorari with the United States Supreme Court was denied, Chrispen filed this § 2254 petition.

The district court concluded that the state trial court properly denied Chrispen's motion to suppress because: (1) the briefcase appeared to be abandoned, and (2) the briefcase and the envelope containing the photographs were opened pursuant to a valid inventory search of the briefcase to determine the owner's identity.[1] Chrispen filed this appeal. We granted a certificate of

---

[1]Before so doing, the district court determined that the Stone v. Powell bar to federal habeas review of Fourth Amendment issues did not apply because the state courts did not consider Chrispen's Fourth Amendment claim fully and fairly. See Tukes v. Dugger, 911 F.2d 508, 513-14 (11th Cir. 1990) (explaining that the Stone v. Powell bar does not apply when the

appealability ("COA") on the issue of "[w]hether the district court erred in finding

that the state trial court's denial of appellant's motion to suppress the fruits of an

unlawful search of his briefcase was [not] contrary to, or [did not] involve[ ] an

unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States."[2]

## II. DISCUSSION

Pursuant to § 2254, we may grant habeas relief on a claim that the state court

adjudicated on the merits only if the state court decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Here, Chrispen does not argue that the state court's decision is "contrary to"

federal law.[3] Rather, the gravamen of Chrispen's argument is that the state court's

ruling on his motion to suppress was an unreasonable application of Supreme

Court precedent with regard to searches of personal effects, such as locked

state trial court makes no explicit factual findings relating to the Fourth Amendment issue and the state appellate court summarily affirms). The parties do not dispute this determination on appeal, and thus we do not consider the issue.

[2]We note that, although our COA was misworded, our mistake did not impair the parties' briefing of the appropriate issue.

[3]A state court decision is "contrary to" federal law only if: (1) the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law; or (2) the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent but arrives at an opposite result from that arrived at by the Supreme Court. See Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

4

containers and packages.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409, 120 S. Ct. 1495, 1521 (2000). Even if the federal habeas court concludes that the state court applied federal law incorrectly, relief is only appropriate if the application is also objectively unreasonable. Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850 (2002); see also Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1256 (11th Cir. 2002) (noting that the test does not involve deciding whether this Court would have reached the same result as the state court if it had been deciding the issue in the first instance).

We first review Supreme Court precedent about searches of personal property under the Fourth Amendment. In order to successfully challenge a search on Fourth Amendment grounds, an individual must have "manifested a subjective expectation of privacy in the object of the challenged search" and society must be "willing to recognize that expectation as reasonable." California v. Ciraolo, 476 U.S. 207, 211, 106 S. Ct. 1809, 1811 (1986). An officer may lawfully search without a warrant property that has been abandoned by its owner. Abel v. United States, 362 U.S. 217, 241, 80 S. Ct. 683, 698 (1960). If a person sufficiently

5

exposes property to the public, his subjective expectation of privacy may no longer be reasonable. California v. Greenwood, 486 U.S. 35, 39-40, 108 S. Ct. 1625, 1628 (1988).

In addition, inventory searches of personal property are "a well-defined exception to the warrant requirement of the Fourth Amendment." Colorado v. Bertine, 479 U.S. 367, 371, 107 S. Ct. 738, 741 (1987). An inventory search of a defendant's personal effects is a routine administrative procedure conducted by police incident to arrest. Illinois v. Lafayette, 462 U.S. 640, 643, 103 S. Ct. 2605, 2608 (1983). "The justification for such searches does not rest on probable cause, and hence the absence of a warrant is immaterial to the reasonableness of the search." Id. The purpose of an inventory search is to protect the owner's property while it is in police custody, to protect the police from claims over lost or stolen property and to protect the police from potential dangers. South Dakota v. Opperman, 428 U.S. 364, 369, 96 S. Ct. 3092, 3097 (1976).

We cannot say that the Florida state court's denial of the motion to suppress was objectively unreasonable in light of the foregoing Supreme Court precedent. The evidence presented to the state trial court indicates that the challenged search was not conducted as part of a criminal investigation. Instead, Officer Good examined the contents of what appeared to be an abandoned briefcase to identify

6

the owner so that the property could be returned. No evidence was presented that Officer Good used the guise of an identification search to look for evidence of a crime.

The two state courts' rejection of Chrispen's Fourth Amendment claim implicitly reflects one (or both) of the following conclusions: (1) that Chrispen did not have a reasonable expectation of privacy in the briefcase after he "abandoned" it partially unlocked and unattended on the trunk of a third party's car in an apartment complex parking lot, or (2) that Officer Good's search constituted a reasonable inventory-like administrative search conducted for the purpose of identifying the seemingly abandoned briefcase's owner. Neither of these conclusions is an objectively unreasonable application of the Supreme Court's Fourth Amendment jurisprudence to the facts presented.[4]

The district court thus properly denied Chrispen's § 2254 petition.

**AFFIRMED.**

---

[4]We do not address the government's alternative argument that the motion to suppress was properly denied based on the inevitable discovery doctrine.